# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Billie Jo Crigler,**
**Defendant Below, Petitioner**

**vs) No. 13-0604** (Pendleton County 11-C-26)

**Darrell R. Bailey, Plaintiff Below and**
**South Fork Volunteer Fire Department,**
**Defendant Below, Respondents**

**FILED**

April 25, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Billie Jo Crigler, by counsel Charles F. Hilton, appeals the order of the Circuit Court of Pendleton County, entered April 24, 2013, that, in part, denied her motion for summary judgment. Respondent Darrell R. Bailey appears by counsel Brian E. Bigelow. Respondent South Fork Volunteer Fire Department appears by counsel Jeffrey W. Molenda and Mikaela D. Torbert.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On appeal, petitioner asserts five assignments of error to the circuit court's denial of her motion for summary judgment, all related to the court's declining to apply immunity from liability pursuant to West Virginia Code § 29-12A-5(b) after petitioner, a volunteer firefighter, was involved in an automobile accident with Respondent Bailey on a snowy day.[1] "'This Court

---

[1]West Virginia Code § 29-12A-5(b) provides:

An employee of a political subdivision is immune from liability unless one of the following applies;

(1) His or her acts or omissions were manifestly outside the scope of employment or official responsibilities;

(2) His or her acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or

1

reviews *de novo* the denial of a motion for summary judgment, where such a ruling is properly reviewable by this Court.' Syl. Pt. 1, *Findley v. State Farm Mut. Auto. Ins. Co.*, 213 W.Va. 80, 576 S.E.2d 807 (2002)." Syl. Pt. 1, *W.Va. Dept. of Health and Human Res. v. Payne*, 231 W.Va. 563, 746 S.E.2d 554 (2013). "'A circuit court's denial of summary judgment that is predicated on qualified immunity is an interlocutory ruling which is subject to immediate appeal under the 'collateral order' doctrine.' Syl. Pt. 2, *Robinson v. Pack*, 223 W.Va. 828, 679 S.E.2d 660 (2009)." Syl. Pt. 2, *id*. "The ultimate determination of whether qualified or statutory immunity bars a civil action is one of law for the court to determine. Therefore, unless there is a bona fide dispute as to the foundational or historical facts that underlie the immunity determination, the ultimate questions of statutory or qualified immunity are ripe for summary disposition." Syl. Pt. 1, *Hutchison v. City of Huntington*, 198 W. Va. 139, 479 S.E.2d 649 (1996). With this standard in mind, we begin our review.[2]

At the core of the circuit court's order is its finding that there is a dispute about whether petitioner was acting within the scope of her "employment" as a volunteer with respondent fire department on December 5, 2009, when she collided her 2007 Chevrolet Cobalt with Respondent Bailey's 2005 Chevrolet Silverado after crossing the center line while traveling westward on U.S. Route 33.[3] The circuit court had ordered the parties to engage in a period of discovery on

---

(3) Liability is expressly imposed upon the employee by a provision of this code.

[2]In the same order that denied petitioner's motion for summary judgment, the circuit court also addressed the other parties' motions for summary judgment. The court denied Respondent Bailey's motion for partial summary judgment on the question of petitioner's negligence because the initial discovery period had been limited to the questions of immunity, the statute of limitations, and the relationship between petitioner and respondent fire department, and discovery had not been conducted on liability. The court also granted respondent fire department's motion, finding plaintiff's action against respondent fire department, which was added as a party by amended complaint, was barred by the applicable statute of limitations. Those conclusions are not before this Court on appeal. Though petitioner does not claim error in the grant of respondent fire department's motion for summary judgment, respondent fire department made an appearance and filed a responsive brief herein. In one assignment of error, petitioner contends that she was entitled sanctions because that respondent altered evidence, and asks us to find that "[i]t was an abuse of discretion for the trial court to defer ruling on this issue that directly impacted [the] immunity defense." However, we find that the evidence at issue—the possible listing and subsequent covering of petitioner's name on a log of emergency responders—does not resolve the factual questions that prevent summary judgment, as further described in the body of this decision. Furthermore, the lower court deferred ruling on petitioner's motion for sanctions, and there is no final order on that issue before us. We thus leave petitioner's motion for sanctions to the evaluation of the circuit court, and find no error in the deferral.

[3]As explained herein, the circuit court's denial of petitioner's motion for summary judgment on this issue was based on the court's finding that there is a dispute about whether petitioner was acting within the scope of her employment at the time of the collision. For this

this limited subject.[4] Discovery revealed inconsistent information on a key issue: that is, whether an emergency dispatch by respondent fire department had triggered her to act in her volunteer capacity.

Petitioner maintained that at the time of the accident, she was responding to an emergency dispatch received at 1:51:33 p.m. while she shopped at the H&J Superette. She testified that while traveling toward the accident, she realized that road conditions would not allow her car to climb Shenandoah Mountain, and at Brandywine Lake she turned the car away from the accident scene. The collision with Respondent Bailey's car occurred when she was driving away. Petitioner's statement to the trooper conducting the investigation of her accident indicated that she had been responding to an emergency notification when she collided with Mr. Bailey's automobile. However, the trooper's report indicated that the accident occurred at 1:35 p.m. and that he made his report at 1:50 p.m. The trooper later testified that these times were a "rough guess, at best."[5]

In contrast, respondents offered the testimony of petitioner's ex-husband, William Crigler, who also was a volunteer with respondent fire department. He stated that he had been with petitioner at Brandywine Lake immediately before he received the same emergency dispatch, and that he received the dispatch while traveling on Route 33, but before reaching the H&J Superette. Mr. Crigler concluded that because he had left the meeting with his ex-wife first, it would not have been possible for her to reach the H&J Superette, travel toward the scene of the accident, and turn around before he received his own dispatch.

Based on this evidence, we agree with the circuit court that there exists a "bona fide dispute as to the foundational . . . facts that underlie the immunity determination. . . " because there is a disagreement about whether petitioner was responding to an emergency dispatch at the time of the accident, and it is therefore not clear whether she was acting in the scope of employment when she collided with Respondent Bailey's automobile. Syl. Pt. 1, *Hutchison*. We find that petitioner's first assignment of error—that the circuit court improperly shifted the burden to petitioner to prove that she was within the scope of her employment rather than requiring respondents to prove that she was "manifestly outside" the scope—seeks to make a distinction without a difference for this purpose. Petitioner argues that she was not manifestly

---

reason, we easily dismiss petitioner's third and fifth assignments of error—that the circuit court erred by failing to find petitioner was an employee of respondent fire department and that the circuit court erred because there is no evidence supporting Respondent Bailey's allegation that petitioner's actions were reckless, wanton, or willful. The circuit court made no findings on these issues, nor did it need to do so to support its denial of petitioner's motion.

[4]Pursuant to the court's order, this time period also was used to conduct discovery related to respondent fire department's challenge to the timeliness of service on it.

[5]A dispatcher for respondent fire department testified that he dispatched responders to two accidents at 1:52 p.m., but he did not know if petitioner's collision with Respondent Bailey was one of them.

3

outside the scope of her employment no matter whether she was traveling to or from an accident scene. However, this argument minimizes the testimony of Mr. Crigler, which could lead the trier of fact to conclude that petitioner was en route neither to nor from the scene of an emergency at the time of her own accident.[6]

Petitioner argues in her fourth assignment of error that Mr. Crigler is a disgruntled ex-husband and that his testimony is unbelievable.[7] "In assessing the factual record, we must grant the nonmoving party the benefit of inferences, as '[c]redibility determinations . . . are jury functions, not those of a judge[.]'" *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 59, 459 S.E.2d 329, 336 (1995) (citing *Anderson [v. Liberty Lobby, Inc.]*, 477 U.S. [242] at 255, 106 S.Ct. [2505] at 2513, 91 L.Ed.2d [202] at 216 (1986). Furthermore, testimony should be found inherently incredible "only when the testimony defies physical laws." *State v. McPherson*, 179 W.Va. 612, 617, 371 S.E.2d 333, 338 (1988). We find no such deficit on the face of Mr. Crigler's testimony, and leave determinations of his credibility in the capable hands of a jury.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 25, 2014

**CONCURRED IN BY:**

Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Robin Jean Davis

---

[6]We note that respondents also presented evidence that there were no reported accidents between 8:58 a.m. and 1:52 p.m. on the day of the petitioner's accident. They also presented evidence suggesting that the device assigned to petitioner for the purpose of receiving dispatch notification may not have worked on the day of the accident. Thus, we find sufficient basis for the circuit court's determination that material facts were in dispute.

[7]Petitioner's assertion that Mr. Crigler's testimony is incredible is based on Mr. Crigler's having testified that petitioner's accident with Respondent Bailey was the accident that appears to have been dispatched at 1:51:33 p.m., and that petitioner's name was initially recorded on the log as a responder because she sat in a vehicle belonging to respondent fire department while department members responded to a second call directing them to close the roadway because of weather conditions. Petitioner argues that the timeline required for Mr. Crigler's testimony to be truthful is "fanciful" and an "impossibility."

4